IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FRED C. LOLLIS, and ROSMARY A. LOLLIS, ) ) ) Plaintiffs, ) ) v. ) ) MOTEL 6, ) ) Defendant. ) | Case No. 15-CV-291-GKF-PJC |

**OPINION AND ORDER**

Before the court is the Motion to Dismiss and Brief in Support [Dkt. #9] of defendant Motel 6. Plaintiffs Fred and Rosmary Lollis (collectively, "the Lollises") bring this action against Motel 6 under 42 U.S.C. § 1983, alleging that a motel clerk gave their room number to the police who were at the motel looking for sex offenders. Although it is not entirely clear, it appears that the Lollises further allege that the police came to their room, arrested one of the plaintiffs, and took their children without a warrant. Motel 6 now moves to dismiss the plaintiffs' complaint under Federal Rule of Civil Procedure 12(b)(6). The Lollises did not respond to the defendant's motion.

Rule 12(b)(6) provides that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Commonwealth Prop. Advocates, LLC v. Mortgage Elec. Registration Sys., Inc.*, 680 F.3d 1194,

1202 (10th Cir. 2011) (internal quotation marks omitted). Where, as here, the plaintiff appears pro se, the court construes the complaint liberally. *See Gagan v. Norton*, 35 F.3d 1473, 1474 n.1 (10th Cir. 1994).

"For a cognizable § 1983 claim to be raised, it must be shown that the defendant acted under color of state law." *Hammond v. Bales*, 843 F.2d 1320, 1323 (10th Cir. 1988). A private actor "can be held liable under § 1983 only if she was a willful participant in joint action with the State or its agents." *Beedle v. Wilson*, 422 F.3d 1059, 1071 (10th Cir. 2005) (internal quotation marks omitted). "When applying this analysis, courts generally examine whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights." *Johnson v. Rodrigues*, 293 F.3d 1196, 1205 (10th Cir. 2002) (internal quotation marks omitted). "[T]he mere furnishing of information to police officers who take action thereon does not constitute joint action under color of state law which renders a private actor liable under § 1983." *See Lee v. Town of Estes Park*, 820 F.2d 1112, 1115 (10th Cir. 1987); *accord Benavidez v. Gunnell*, 722 F.2d 615, 618 (10th Cir. 1983).

Here, the Lollises allege that the defendant provided the police with their room number and that the police used that information to locate plaintiffs and take their children without a warrant. Such allegations, without more, are not enough to demonstrate joint action under color of state law sufficient to render Motel 6 (a private actor) liable under § 1983. *See Lee*, 820 F.2d at 1115. Thus, plaintiffs' complaint fails to state a claim.

Wherefore, defendant's Motion to Dismiss [Dkt. #9] is granted.

ENTERED this 22nd day of October, 2015.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT